IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW SUNDGREN,

    Plaintiff,

v.

THOMAS LOOMIS,

    Defendants.

Case No. 15-3275-DDC-DJW

### MEMORANDUM AND ORDER

Before the Court are Plaintiffs two Motions to Appoint Counsel (Docs. 20 & 25), both of which are unopposed. Having considered the motions, the Court declines to appoint counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering the above factors, the Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  At the very least, there is a question as to whether Plaintiff has exhausted his administrative remedies.  Plaintiff is capable of producing information supporting his exhaustion.  Accordingly, the Court denies Plaintiff's motions to appoint counsel at this time.  However, this denial is without prejudice.  If it becomes apparent that appointed counsel is necessary as this case further progresses, Plaintiff may renew his motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motions to Appoint Counsel (Docs. 20 & 25) are denied without prejudice.

**IT IS SO ORDERED.**

Dated June 16, 2017, at Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge
