IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW SUNDGREN,

       Plaintiff,

v.

(fnu) GREEN, et al.,

       Defendants.

Case No. 15-3275-DDC-KGS

## NOTICE AND ORDER TO SHOW CAUSE

**To plaintiff:**

On February 13, 2018, plaintiff Matthew Sundgren filed a "Motion to Withdraw." In it, he requested "leave to withdraw any and all claims against the defendants in this case." Doc. 59 at 1. In substance, this filing moves to dismiss the case voluntarily under Federal Rule of Civil Procedure 41(a)(2), which allows the court to dismiss the action at plaintiff's request.

Defendants have responded to this motion, arguing that the court should dismiss the case with prejudice, thus forever barring plaintiff from litigating the claims he makes in this lawsuit. Doc. 60 at 1. Plaintiff's motion never says whether plaintiff is asking to dismiss his claims with or without prejudice. "When a party seeking to voluntarily dismiss a claim pursuant to Rule 41(a)(2) is silent [about] whether the dismissal should be with or without prejudice, the district judge is required to interpret the motion one way or the other." *GF Gaming Corp. v. City of Black Hawk, Colo.*, 405 F.3d 876, 888 (10th Cir. 2005).

If plaintiff's motion asks the court to dismiss the case with prejudice, the court can do so freely. *See Cty. of Santa Fe, N.M. v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1049 (10th Cir. 2002) (explaining that a court should grant a motion to dismiss a claim with prejudice freely

unless such a dismissal would prejudice defendant or other parties). But if plaintiff's motion asks the court to dismiss the case without prejudice, the court must analyze whether granting such a motion would result in "legal prejudice" to defendants. *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993). The court should deny the motion if the court finds that such a dismissal would inflict legal prejudice. *Id.*

When analyzing legal prejudice, the court must consider factors like (1) the defendants' "effort and expense of preparation for trial;" (2) the plaintiff's "excessive delay and lack of diligence . . . in prosecuting the action;" and (3) the plaintiff's "insufficient explanation for the need to take a dismissal." *Id.* And the court can consider the stage of the litigation. *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996).

Because plaintiff never addresses whether he asks to dismiss his claims with or without prejudice, the court does not know which legal standard it should apply to his Motion to Withdraw. The court thus orders plaintiff to show cause, in writing, **by February 28, 2018,** why the court should not dismiss his claims with prejudice. If plaintiff wants his claims dismissed without prejudice, he must articulate why such a dismissal would not prejudice defendants consistent with the above-recited legal standard.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff must show cause, in writing, why the court should not dismiss his claims with prejudice **by February 28, 2018**.

**IT IS SO ORDERED.**

Dated this 15th day of February, 2018, at Topeka, Kansas.

                                                    **s/ Daniel D. Crabtree_____**
                                                    **Daniel D. Crabtree**
                                                    **United States District Judge**